Russell ROBINSON, Plaintiff–
Appellant,

v.

CANNONDALE CORPORATION,
Defendant–Appellee,

and

Mark Farris, Defendant.

No. 02–1338.

United States Court of Appeals,
Federal Circuit.

Nov. 26, 2003.

Before GAJARSA, LINN, and DYK,
Circuit Judges.

LINN, Circuit Judge.

Russell Robinson ("Robinson") appeals from a decision of the United States District Court for the Central District of California, 00–CV–1236, granting summary judgment of non-infringement in favor of defendant Cannondale Corporation ("Cannondale") with respect to Robinson's U.S. Patents Nos. 5,350,185 ("the '185 patent") and 5,380,026 ("the '026 patent"). Because the district court erred in its infringement analysis under the doctrine of equivalents for the '185 patent, and further erred in construing "rotational indexing means" in claim 1 of the '026 patent to be a means-plus-function limitation under 35 U.S.C. § 112, paragraph 6, we *vacate* and *remand* for further proceedings consistent with this opinion.

## BACKGROUND

The '185 and '026 patents are both directed to a single shock absorber suspension system located in the head tube above

the front tire of a bicycle. The '026 patent is a continuation of the '185 patent.

Defendant Cannondale manufactures and sells bicycles incorporating the Delta V and HeadShok™ suspension systems that Robinson alleges infringe the patents-in-suit. In December 2000, Robinson sued Cannondale, alleging infringement of its '026 patent and state law claims of unfair competition. Cannondale responded and counterclaimed for a declaratory judgment of non-infringement and invalidity of the related '185 patent. In June 2001, Robinson moved for summary judgment that Cannondale infringed its '026 patent. Cannondale responded with summary judgment cross motions asserting invalidity and non-infringement of the '026 and '185 patents. In January 2002, the district court denied Robinson's infringement motion and Cannondale's invalidity motion, and granted Cannondale's non-infringement motion. *Robinson v. Cannondale Corp.*, No. SA–CV–00–1236–GLT (C.D.Cal. Jan. 29, 2002) (*"Summary Judgment Order"*). The district court entered a final judgment of non-infringement of the '026 and '185 patents in favor of Cannondale under Federal Rule of Civil Procedure 54(b). *Robinson v. Cannondale Corp.*, No. SA–CV–00–1236–GLT (C.D.Cal. Feb. 25, 2002). Robinson timely appealed. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## ANALYSIS

### I. *Standard of Review*

"We review the grant of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party." *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1323 (Fed.Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed.Cir.1985) (en banc).

### II. *The '185 Patent*

On appeal, Robinson does not dispute the district court's construction that "rotational indexing means" in claim 1 of the '185 patent was not a means-plus-function limitation within the meaning of 35 U.S.C. § 112, paragraph 6. Robinson further conceded both in the briefs and at oral argument that Cannondale does not literally infringe the claims of the '185 patent.

The parties principally dispute whether the district court committed legal error in its analysis of infringement under the doctrine of equivalents. Robinson argues that the district court erred by failing to apply the doctrine of equivalents to the individual limitations of the claim, rather than the invention as a whole, as required by *Warner–Jenkinson Company, Inc. v. Hilton Davis Chemical Company*, 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole."). Cannondale argues the district court properly recognized substantial differences between claim 1 of the '185 patent and the accused devices.

The "[d]etermination of infringement, whether literal or under the doctrine of equivalents, is a question of fact." *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1341 (Fed.Cir.2001). "[I]nfringement under the doctrine of equivalents requires that the accused product contain each limitation of the claim or its equivalent.... An element in the accused prod-

uct is equivalent to a claim limitation if the differences between the two are 'insubstantial' to one of ordinary skill in the art." *Ecolab, Inc. v. Envirochem, Inc.*, 264 F.3d 1358, 1371–72 (Fed.Cir.2001) (citing *Warner–Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997)).

■ The district court's entire discussion of Cannondale's infringement of the '185 patent under the doctrine of equivalents stated:

> The marked distinction in the manner in which the Cannondale suspension performs—without axial grooves on the inner wall of the outer cylinder, without aligned axial grooves in the outer wall of the outer cylinder, without bearing balls, and without a third, thin walled bearing retainer cylinder—indicates the Cannondale suspension does not achieve the suspension results in substantially the same way as the '185 patent limitations. The doctrine of equivalents therefore also does not apply.

*Summary Judgment Order*, slip. op. at 12. The district court's analysis is confined to an abbreviated discussion that Cannondale's accused suspension systems lack literal elements of the '185 patent. The district court failed to conduct the limitation-by-limitation analysis required by our precedent and to consider whether the elements of Cannondale's accused suspension systems are identical to or insubstantially different from the individual limitations of claim 1 of the '185 patent. Because the district court failed to consider whether each claim limitation of the '185 patent or its equivalent was present in the accused device, we vacate the district court's holding of no infringement under the doctrine of equivalents and remand to the district court for an analysis consistent with our precedent.

Cannondale argues that the district court's summary judgment of non-infringement should be affirmed on the alternate ground that its accused product does not meet the "compression spring" limitation of claim 1(f) of the '185 patent. Because the district court did not construe the "compression spring" limitation, and because the parties have not fully briefed this issue on appeal, we decline to do so now and remand this issue to the district court for determination in the first instance.

Because the district court failed to consider each limitation of claim 1 of the '185 patent in determining infringement under the doctrine of equivalents, and because the "compression spring" limitation was not construed by the district court in the first instance, we vacate the district court's summary judgment of non-infringement under the doctrine of equivalents and remand for further proceedings consistent with this opinion.

## III. *The '026 Patent*

Concerning the '026 patent, the parties dispute the correctness of the district court's construction of "rotational indexing means" as a means-plus-function claim limitation within the meaning of 35 U.S.C. § 112, paragraph 6. The district court reached this conclusion after noting that the claim language omitted a retainer sleeve structure needed to perform the indexing function. *Summary Judgment Order*, slip op. at 16. Robinson argues that "rotational indexing means" is not a means-plus-function limitation because the claim recites the structure that performs the recited function, thus overcoming the presumption arising from the use of the word "means." Cannondale responds that the district court's construction of "rotational indexing means" was proper because the district court correctly recognized that

the bearing retainer structure was needed to perform the recited function and was omitted from the claim language.

Determining whether a claim limitation is a means-plus-function limitation subject to 35 U.S.C. § 112, paragraph 6, is a matter of claim construction we review de novo. *Personalized Media Communications v. Int'l Trade Comm'n,* 161 F.3d 696, 702 (Fed.Cir.1998). Claim limitations that use the word "means" create a presumption that § 112, paragraph 6, applies. *Id.* at 703. However, the presumption of means-plus-function treatment is rebutted "where a claim recites a function, but then goes on to elaborate sufficient structure, material, or acts within the claim itself to perform entirely the recited function." *Sage Prods. v. Devon Indus., Inc.,* 126 F.3d 1420, 1427–28 (Fed.Cir.1997).

■ In this case, the "rotational indexing means" is not a means-plus-function limitation. Rotational indexing refers to the function of having the bicycle's head tube suspension (and hence the front wheel of the bicycle) synchronously rotate with the front handlebars. Claim 1 of the '026 patent recites "a longitudinal bearing track" and "a plurality of rolling surface bearings in rolling reception in said bearing track" to accomplish this function. '026 patent, col. 5, II. 44–47. This recitation of a bearing track and rolling surface bearings in rolling reception in the claim language provides sufficient structure to perform the function of rotational indexing and overcomes the presumption that "rotational indexing means" is a means-plus-function claim limitation. Because this inquiry focuses on the claim language, Cannondale's arguments regarding alleged admissions in the prosecution history that the bearing retainer was required are immaterial in evaluating whether the means-plus-function presumption is rebutted. Moreover, the alleged admissions in the prosecution history did not pertain to claim 1 of the '026 patent, but instead related to a claim in the parent application that recited all three structural elements, including the bearing retainer. There was no basis for granting summary judgment of non-infringement as a matter of law on the "longitudinal bearing track" limitation of element (c) or on element (d) of claim 1 of the '026 patent. At a minimum, there are disputes of material fat of infringement of these limitations.

Robinson argues that if "rotational indexing means" is not a means-plus-function claim limitation, we should find that Cannondale infringes elements (c) and (d) of claim 1 of the '026 patent as a matter of law. Robinson acknowledges that if we conclude that elements (c) and (d) were not infringed as a matter of law, the entire infringement issue should be remanded. Because it is not clear from the parties' arguments that no dispute of material fact of infringement remains under our construction of "rotational indexing means," we decline to enter judgment of infringement of elements (c) and (d) of claim 1 of the '026 patent as a matter of law. Instead, now that we have held that there is no basis for summary judgment of non-infringement as a matter of law for the "longitudinal bearing track" limitation of element (c) and for element (d), the district court may consider the parties' arguments regarding infringement of claim 1 of the '026 patent on remand.

Cannondale responds that the district court's finding of non-infringement should be affirmed on the alternate ground that it does not meet the "resilient compressive means" limitation of claim 1(e) of the '026 patent. Because the district court declined to construe "resilient compressive means" in the first instance in light of its conclusion that Cannondale did not infringe the "rotational indexing means" lim-

itation, *Summary Judgment Order*, slip op. at 19 n. 7, and because the issue has not been fully briefed by the parties, we decline to do so now. The district court may decide the issue in the first instance on remand.

Based on our construction that "rotational indexing means" is not a means-plus-function limitation, we vacate the district court's summary judgment of non-infringement and remand for further consideration of literal infringement and infringement under the doctrine of equivalents.

## CONCLUSION

Because the district court erred in its infringement analysis under the doctrine of equivalents for the '185 patent, we vacate the district court's judgment of non-infringement of the '185 patent under the doctrine of equivalents. Because the district court erred in construing "rotational indexing means" in claim 1 of the '026 patent to be a means-plus-function limitation under 35 U.S.C. § 112, paragraph 6, we vacate the district court's summary judgment of non-infringement of the '026 patent. The case is remanded for further proceedings consistent with this opinion.

## COSTS

Costs are awarded to Robinson.